O’CONNELL, Justice.
This is an appeal from a final decree holding Chapter 61-1007 and Chapter 61-2260, Laws of Florida 1961, to be constitutional.
Chapter 61-1007, which was passed as a general act, created a Board of Public Assistance in any county having a population of not less than 390,000 nor more than 450,-000 population. Only Hillsborough County now falls within this population bracket. The Board created by the act was given the functions formerly performed by the County Welfare Board, which was abolished, and also the responsibility for operating all publicly owned hospitals, nursing homes and related health facilities in the counties affected. Funds for the Board’s operation are to be provided by taxes levied by the Board of County Commissioners upon certification of needs by the Board upon basis of its budget as approved by the County Budget Commission.
Under the Act the Board is composed of five members, three being elected. The other two are ex officio members being respectively the Chairman of the Board of County Commissioners and the Mayor of the most populous city in the.county.
Appellants assault this Act, Chapter 61-1007, on four grounds, to-wit:
1. It is a local and not a general law, and therefore invalid because there was no publication of notice of intention to apply for passage thereof and no provision for referendum as required by Section 21, Article III, Florida Constitution.
2. The Act violates Section 20, Article III, Florida Constitution because it attempts to regulate the jurisdiction and duties of a class of officers.
3! The Act is an unlawful delegation of the legislative taxing power and *291 it violates Section 6, Article IX, Florida Constitution.
4. The Act violates Section 27, Article III, Florida Constitution.
Chapter 61-2260, properly passed as a local act, provided that on September 30, 1961 all hospitals and a nursing school, then owned and operated by the City of Tampa, and a county home and hospital operated by the County Welfare Board would be transferred to and become the property of the Board created by Chapter 61-Í007, such Board to assume all existing indebtedness on the facilities transferred to it. There was no provision or requirement that the Board pay compensation for the properties transferred to it by the Act. Pursuant to this Act the Board did assume jurisdiction over and commence operation of the aforementioned facilities.
Appellants contend that this Act violates Section 12, Declaration of Rights, Florida Constitution, F.S.A., and the Fourteenth Amendment to the United States Constitution, because it fails to provide just compensation for the property taken from the City of Tampa.
In a decree dated March 4, 1963 the Chancellor held both acts to be valid and constitutional and appellants instituted this appeal.
In appellees’ brief it appears for the first time that the 1963 Legislature passed two acts which directly affect the subject matter of this litigation. Copies of these acts are included in Appellees’ Supplemental Appendix.
One of these acts, Chapter 63-922, is a population act which purports to amend Chapter 61-1007. The other is Senate Bill 1140, which we are told is a properly enacted local bill re-enacting the contents of both Chapter 61-2260 and Chapter 61-1007, as amended by Chapter 63-922, and validating all previous acts of the Board of Public Assistance of Hillsborough County.
In their reply brief appellants recognize the passage of the 1963 acts and as a result concede that the third point on appeal directed against Chapter 61-1007 is now moot, but they continue to press the remaining points.
If we were now to answer the questions directed here to the 1961 acts such would not settle this litigation or determine the validity of the 1963 acts. The 1963 acts, although recognized by the parties in their briefs and in argument before us, were not before the Chancellor and we cannot determine their validity here.
This case is strikingly similar to Northeast Polk County Hospital District v. Snively et al., Fla., 162 So.2d 657, 1964. In that case we decided we should not answer the points urged on appeal saying:
“Discussion of the points initially presented to us would be nothing more than mere brutum fulmen. The case in its present stage is not the one studied, discussed and decided by the chancellor and certainly we should be required to review only what he had the opportunity to consider. South Dade Farms, Inc. v. Peters, Fla., 107 So.2d 30.
“We must decline to engage in a discussion of the case as it was, or now is, and it is our order that the cause be remanded to the chancery court for reconsideration and re-determination of issues that may be formulated in the light of the legislation of 1963.”
In like manner this cause is remanded to the trial court for reconsideration and re-determination of issues that may be formulated in the light of the legislation of 1963.
It is so ordered.
DREW, C. J., and THOMAS, ROBERTS, THORNAL and CALDWELL, JJ., concur.