THORNAL, Justice.
We have for review by appeal a decree of a chancellor which passes directly upon .the validity of certain statutes.
Cross-Appellant Helen Bennett, individually, and as tax assessor, filed a complaint .for declaratory relief assaulting the validity of certain local acts which established the .Budget Commission of Orange County. .Allegedly, the Budget Commission was ■created by Chapter 26084, Special Acts of 1949, as amended by Chapter 57-1634 and 57-1636, Special Acts of 1957. The primary assault on the statutes was that they were local acts which regulated the jurisdiction .and duties of certain county officers, contrary to Article III, Section 20, Florida •Constitution, F.S.A. By his final decree the ■chancellor sustained the attack on the statutes. He held them unconstitutional on the authority of Budget Commission of Pinellas County v. Blocker, Fla., 60 So.2d 193.
However, the chancellor refused an injunction against the continued functioning ■of the appellee Budget Commission. He •concluded that although the Special Acts were invalid, nevertheless, the Commission ■was otherwise authorized by Chapter 14678, General Laws of 1931, as amended. In order to apply the provision of Chapter 14678, supra, the chancellor examined another local act, Chapter 61-1442, Laws of 1961, which had repealed Chapter 14678, supra, to the extent that it was applicable to Orange County. Without stating his reasons, the chancellor merely held that Chapter 61-1442, supra, “is invalid as violative of Section 20, Article III of the Constitution.” The invalidity of Chapter 61-1442, supra, then led to the reaffirmance of the applicability of Chapter 14678, supra.
After the final decree, the Board of Public Instruction of Orange County was authorized to intervene in order to effectuate this appeal. The Budget Commission and the Tax Assessor, cross-appealed. The Budget Commission contends that the chancellor was in error in invalidating the special acts which initially created that agency. The Tax Assessor contends that the chancellor properly struck down the special acts but that he should have stopped at that point. It is her position that the chancellor exceeded his authority by taking judicial cognizance of the existence of Chapter 14678, supra. She claims that he similarly exceeded his powers by authorizing the continuation of the Budget Commission on the basis of a statute which was not presented to him by the pleadings. After the appeal was lodged here the Board of Public Instruction decided that it did not want to appeal after all. It has filed its withdrawal from the litigation. We, therefore, lay aside any contentions made by that Board. However, the cross-appellants have status to pursue their contentions here under our decision in Gaskins v. Mack, 91 Fla. 284, 107 So. 918.
 We have no difficulty finding that the chancellor acted within his jurisdiction when he proceeded to consider applicable statutes other than those assaulted by the complaint. In the ultimate, the objective sought by the complaint was to enjoin the members of the Budget Commission from functioning as such. Although the attack was directed at three particular statutes, the ■fact remains that if the Commission was authorized by another statute, the chancellor acted properly in recognizing the latter. He could- also take judicial notice of the 1960 Federal census showing the population of Orange County.
*307 As we have said, in order to apply Chapter 14678, Laws of 1931, the chancellor had to invalidate Chapter 61-1442, Laws of 1961. His decree does not enlighten us regarding the constitutional weakness in the latter statute. Because of the conclusion we reach, we will not elaborate upon this deficiency.
 To add further complications to our problem we ourselves judicially know that the Legislature of 1963 enacted Chapter 63-878. This act creates a budget commission in counties having a population of not less than 230,000 and not more than 300,000, according to the latest official decennial census. If valid, the 1963 statute applies to Orange County and would supersede all of the other statutes discussed by the chancellor in his decree. Pending this litigation we invited the parties to file briefs on the impact of the 1963 Act. In response, they merely filed a stipulation to the effect that this appeal should be decided upon the record prior to the 1963 Act and that the latter should be disregarded. We are not privileged to do so. We cannot disregard the judicial knowledge which we have, as well as the judicial responsibility to recognize the applicability of acts of the Legislature which are presumptively valid. The 1963 statute if sustained, would completely supersede all of the various statutes discussed by the chancellor. Similarly, it would make moot many of the problems suggested by the complaint. In fact, if we were to pass upon the instant litigation without regard to the 1963 Act, it would be effort to no avail.
 We, therefore, feel that the chancellor should have an opportunity to reconsider this litigation as well as the complaints of the various parties in the light of the latest applicable legislative enactment. This is not a novel conclusion. We have been confronted with similar situations in other cases and have disposed of them by remanding the whole matter to the chancellor. Northeast Polk County Hospital District v. Snively, Fla., 162 So.2d 657; Myers et al. v. Board of Public Assistance of Hillsborough County, Fla., et al., Fla., 163 So.2d 289. As we have done in the cases, cited, this cause is remanded to the trial, court for reconsideration and redetermination of the issues that may be formulated’, in the light of the legislation of 1963. In, the reconsideration process the chancellor is authorized to permit such amendment of the pleadings as appears appropriate.
It is so ordered.
DREW, C. J., and THOMAS, ROBERTS, O’CONNELL and CALDWELL,, JJ., concur.
TERRELL, J., heard the argument but did not participate in the decision.