ON PETITION FOR REHEARING
PER CURIAM.
On May 24, 1967, we filed an opinion which reversed a decree validating certain certificates of indebtedness allegedly issued for the appellee District. By petition for rehearing the appellee has brought to our attention the enactment of House Bill 2238 and House Bill 2239, both of which became laws on June 8, 1967. It is insisted that these enactments constitute valid curative legislation which thereby remedies the defects found to infect the proceeding which culminated in the final decree initially submitted to us for review. By the petition for rehearing we are requested to give effect to the statutes in our appellate deliberations on the case or alternatively to remand the entire matter to the trial judge with authority to reconsider the cause in the light of these 1967 enactments. We have elected to follow the latter course and the appellant has advised us that no objection is offered. The prayer of the petition is granted.
Our opinion of May 24, 1967, is therefore withdrawn and the cause is remanded to the trial court for reconsideration and rede-termination in the light of the cited legislation which was enacted while it was pending here. The trial judge is authorized to allow such amendments of pleadings and take such further proceedings as appear appropriate in the premises. See Northeast Polk County Hospital District et al., v. Snively et al., Fla., 162 So.2d 657; Board of Public Instruction of Orange County v. Budget Commission, Fla., 167 So.2d 305; Myers v. Board of Public Assistance of Hillsborough County, Fla., 163 So.2d 289.
It is so ordered.
O’CONNELL, C. J., and THOMAS, ROBERTS, DREW and THORNAL, JJ., concur.