351 So.2d 708 (1977)
Verdell WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 44882.
Supreme Court of Florida.
October 14, 1977.
*709 Theodore Klein, of Fine, Jacobson, Block & Semet, Miami, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
BOYD, Acting Chief Justice.
We have before us a challenge to the constitutional validity of parts of Section 458.22, Florida Statutes, the statute that regulates abortions in Florida.
Verdell Wright, a nurse registered in Florida, was charged by information filed in the Circuit Court, Seventeenth Judicial Circuit, in and for Broward County, with the unlawful termination of a pregnancy resulting in the pregnant woman's death, a felony of the second degree, in violation of Section 458.22(2):
"Termination of pregnancy.  It shall be unlawful to terminate the pregnancy of a human being unless the pregnancy is terminated in an approved facility by a physician who certifies in writing that:
"(a) To a reasonable degree of medical certainty the continuation of the pregnancy would substantially impair the life or health of the female;
"(b) There is substantial risk that the continuation of the pregnancy would result in the birth of a child with a serious physical or mental defect; or
"(c) There is reasonable cause to believe that the pregnancy resulted from rape or incest."
The gravamen of her offense, as charged in the information filed against her, was that *710 she was not a physician[1] and was not in an approved facility[2] when she performed the abortion. Her motion to dismiss the information on the ground that the statute is unconstitutional was denied by the trial court. Upon her plea of nolo contendere to the third degree felony[3] offense of "unlawful termination of pregnancy" she was adjudicated guilty and sentenced to five years in prison. Her appeal to the District Court of Appeal, Fourth District, was transferred here because jurisdiction of the constitutional issue is properly in this Court.[4]
Wright argues that the statute unconstitutionally infringes on privacy rights. Her argument is based on the landmark U.S. Supreme Court decisions on the abortion issue in Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) and Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973), as well as federal decisions in which the "approved facility" requirement in subsection (2) and all of subsection (3) of Section 458.22 of Florida's statute were declared unconstitutional. She does not challenge the statute's physician requirement by itself, but argues that it is inextricably interwoven with the unconstitutional portions of the statute so that it must fall when they do.

1. The "approved facility" requirement.

The right to privacy in the abortion decision, recognized in Roe, supra, as belonging to the pregnant woman in consultation with her physician, gives way to state power to regulate as the embryo or fetus develops. As Roe outlines:
"(a) For the stage prior to approximately the end of the first trimester, the abortion decision and its effectuation must be left to the medical judgment of the pregnant woman's attending physician.
"(b) For the stage subsequent to approximately the end of the first trimester, the State, in promoting its interest in the health of the mother, may, if it chooses, regulate the abortion procedure in ways that are reasonably related to maternal health.
"(c) For the stage subsequent to viability, the State in promoting its interest in the potentiality of human life may, if it chooses, regulate, and even proscribe, abortion except where it is necessary, in appropriate medical judgment, for the preservation of the life or health of the mother." 410 U.S. at 164, 165, 93 S.Ct. at 732.
In Coe v. Gerstein, 376 F. Supp. 695 (S.D. Fla. 1973), the "approved facility" requirement of Section 458.22(2) and the "spousal or parental consent" requirement of Section 458.22(3), Florida Statutes, were declared unconstitutional because their application was not restricted to abortions performed after the first trimester of pregnancy. The State of Florida abandoned any attempt to support the "approval facility" requirement before the U.S. District Court[5] and, therefore, appealed the declaration against the "spousal or parental" consent requirements only. The U.S. Circuit Court of Appeals, Fifth Circuit, agreed that unrestricted consent requirements are unconstitutional. Poe v. Gerstein, 517 F.2d 787 (5th Cir.1975). Its decision was appealed to the United States Supreme Court where it was affirmed, Gerstein v. Coe, 428 U.S. 901, 96 S.Ct. 3202, 49 L.Ed.2d 1205 (1976), on the *711 basis of Planned Parenthood of Central Missouri v. Danforth, 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976). The effect of the U.S. Supreme Court mandate in Coe is that the "spousal or parental" consent requirements are unconstitutional, but the mandate leaves untouched the "approved facility" requirement. Since Wright was not charged with violation of the "consent" requirements of subsection (3) of the statute, the U.S. Supreme Court decision in Coe is not pertinent here.
It is clear, nonetheless, that the U.S. District Court's decision in Coe is correct in striking the "approved facility" requirement. As explained in Doe v. Bolton, supra, States may,
"... From and after the end of the first trimester [of pregnancy] adopt standards for licensing all facilities where abortions may be performed so long as those standards are legitimately related to the objective the State seeks to accomplish." 410 U.S. at 195, 93 S.Ct. at 749 (emphasis supplied).
Failure of the statute to limit application of the "approved facility" requirement to the second and third trimesters of pregnancy is unconstitutional. Similarly, the statute fails to limit the certification requirement of subsection (2) of the statute to the second and third trimesters of pregnancy and to that extent is unconstitutional.
Although Wright, since she was neither a pregnant woman entertaining the abortion decision nor a consulting physician, had no privacy interest of her own at stake in the abortion for which she was prosecuted, Roe, supra, the "approved facility" requirement is so obviously unconstitutional that we declare it was unconstitutional to apply it to her.

2. The "physician" requirement.

The opinion in Roe states clearly that, regardless of the stage of pregnancy, States are free to require that abortions be performed by physicians.
"The State may define the term `physician,' ... to mean only a physician currently licensed by the State, and may proscribe any abortion by a person who is not a physician as so defined." (emphasis supplied) 410 U.S. at 165, 93 S.Ct. at 732-33.
There is no question then that standing alone the "physician" requirement of Section 458.22(2) is constitutional. Wright argues that the physician requirement is so entangled with the unconstitutional portions of the statute (the "approved facility" requirement, the "certification" requirement and the "consent" requirements) that it falls when they do.
It is a well settled rule that if a statute contains valid and invalid provisions, the valid ones may be enforced provided they are severable and would have been enacted apart from the invalid ones. Hayes v. Walker, 54 Fla. 163, 44 So. 747 (1907); Driver v. Van Cott, 257 So.2d 541 (Fla. 1971). The "approved facility" requirement is independent of the other two, and while the "certification and consent" requirements may be dependent on the "physician" requirement, the converse is not true. The physician requirement is sufficiently independent so as to be severable from the invalid portions of the statute. And, the "physician" requirement would have been enacted without the other elements. The entire statute reveals that the Legislature regards abortion as a medical procedure necessitating input into the abortion decision that the medical judgment of a physician would provide, as well as performance of the procedure by a physician. Because of this regard and since Roe specifically holds it constitutional to do so the Legislature, undoubtedly, will continue to require that all abortions be performed by physicians. The physician requirement, therefore, is constitutionally enforceable.
Since the "physician" requirement may be constitutionally applied to Wright, her conviction is affirmed and the cause remanded for proceedings consistent with this opinion.
It is so ordered.
ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.
NOTES
[1] Defined in § 458.22(1)(a): "`Physician' means a doctor of medicine or osteopathic medicine licensed by the state under chapter 458 or chapter 459 or a physician practicing medicine or osteopathy in the employment of the United States or this state."
[2] Defined in § 458.22(1)(b): "`Approved facility' means a hospital licensed by the state and accredited by the Joint Commission on Accreditation of Hospitals or approved by the American Osteopathic Hospital Association or a medical facility licensed by the division of health pursuant to rules and regulations adopted for that purpose, provided such rules and regulations shall require regular evaluation and review procedures."
[3] Unlawful termination of pregnancy is a third degree felony when it does not result in the death of the pregnant woman. § 458.22(6)(a).
[4] Art. V, § 3(b)(1), Fla. Const.
[5] Coe v. Gerstein, 376 F. Supp. 695 at 696 (S.D. Fla. 1973).