ZEHMER, Judge.
Florida Society of Ophthalmology and Florida Medical Association appeal from an order dismissing their amended complaint for declaratory judgment with prejudice. The order dismisses the complaint on the ground that it failed to demonstrate a justi-ciable controversy sufficient to invoke the trial court’s jurisdiction under § 86.021, Florida Statutes (1985).[1] We affirm the dismissal, but remand with directions to permit amendment to state an actual controversy if the plaintiffs can do so.
In 1986, the legislature enacted Chapter 86-289, Laws of Florida, and substantially revised the Optometry Practice Act. Section 6 of Chapter 86-289 created § 463.0055, Florida Statutes (1986 Supp.), which authorizes licensed, certified practitioners of optometry to administer and prescribe certain topical ocular pharmaceutical agents for the diagnosis and treatment of ocular conditions of the human eye and its appendages. Appellants’ amended complaint alleges that Chapter 86-289 is unconstitutional because it (1) allows agencies of the executive branch to determine the law relating to optometrists' prescription and use of drugs, (2) invalidly delegates legislative authority to an agency of the executive branch, and (3) deprives or infringes upon appellants’ members’ property right to *1279 practice medicine without due process of law.
The issue appellants raise on appeal is whether appellants have standing to bring this declaratory judgment action on behalf of their members. However, the issue as stated by appellants does not address the legal reason for the trial judge’s dismissal of the complaint. The complaint was dismissed because it failed to demonstrate any justiciable controversy between the parties, not because appellants lacked standing. Indeed, the trial court recognized appellants’ standing to litigate on behalf of their members.
Unlike an administrative rule challenge, a suit under the declaratory judgment act must allege an actual controversy based on real facts, not assumptions. Bryant v. Gray, 70 So.2d 581 (Fla.1954). The allegations in the dismissed complaint do not refer to any facts showing an actual rather than theoretical dispute. For example, paragraph 13 of the complaint alleges that Chapter 86-289 allows the administrative definition of the scope of the practice of optometry in a manner that encroaches on the right of physicians licensed to practice medicine. But this allegation does not allege any specific facts showing such encroachment. Paragraph 14 alleges that through the operation of Chapter 86-289 the quality of eye care available to the public will decline. Here again, appellants do not allege any specific facts demonstrating that the application of Chapter 86-289 results in lower quality eye care. The remaining allegations similarly allege what might occur under the revised act, instead of what has occurred that would demonstrate an actual controversy.
The trial court has no power to resolve appellants’ claims because the complaint fails to demonstrate a justiciable controversy between the parties arising from application of the challenged act. See Grady v. Department of Professional Regulation, 402 So.2d 438 (Fla. 3d DCA), dismissed by 411 So.2d 382 (Fla.1981). An action for declaratory judgment will not be permitted to give rise to a mere advisory opinion. As the present complaint does not allege an actual controversy, we must affirm the dismissal.
On the other hand, we conclude that in the interest of justice appellants should be given at least one more opportunity to allege an actual controversy. Accordingly, the dismissal with prejudice is reversed, and the cause is remanded with leave to amend should the plaintiffs so desire.
AFFIRMED in part, REVERSED in part, and REMANDED.
SHIVERS, J., and PEARSON, TILLMAN (Ret’d), Associate Judge, concur.

. Section 86.021 is part of Florida's Declaratory Judgment Act.