629 So.2d 117 (1993)
Santos M. GARCIA, Petitioner,
v.
CARMAR STRUCTURAL, INC. and Feisco, Respondents.
No. 80679.
Supreme Court of Florida.
November 10, 1993.
Rehearing Denied January 5, 1994.
*118 Jerold Feuer and Marvin J. Kristal, Miami, and Fletcher N. Baldwin, Gainesville, for petitioner.
Arturo Borbolla of Miller, Kagan & Chait, P.A., Coral Gables, for respondents.
Richard A. Sicking, Miami, amicus curiae for Academy of Florida Trial Lawyers.
McDONALD, Justice.
We have for review Garcia v. Carmar Structural Inc./Feisco, 605 So.2d 1288 (Fla. 1st DCA 1992), in which the First District Court of Appeal certified the following questions of great public importance:
1. Whether chapter 90-201, Laws of Florida, would apply to a workers' compensation case in which the accident occurred after the effective date of chapter 90-201 and before the act was declared unconstitutional in Martinez v. Scanlan, and which had not been finally adjudicated during the period?
2. If chapter 90-201, Laws of Florida, would not apply in such a case, whether chapter 91-1, Laws of Florida, would apply (i.e., whether the retroactivity provision of that act is constitutional)?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. We answer the first certified question in the affirmative, do not reach the second question, and approve the decision of the district court.
Santos Garcia suffered an industrial injury on July 5, 1990, and reached maximum medical improvement (MMI) on November 21, 1990. He has performed an unsuccessful search for employment, which the carrier has not questioned. The carrier calculated Garcia's wage-loss benefits based on section 440.15(3)(b), Florida Statutes (Supp. 1990), which states that wage-loss benefits "shall be equal to 80 percent of the difference between 80 percent of the employee's average weekly wage and the salary, wages and other remuneration the employee is able to earn after reaching maximum medical improvement." Prior to the amendment of the statute in 1990, section 440.15(3)(b), Florida Statutes (1989) provided that wage-loss benefits equal 95% of the difference between 85% of the average weekly wage and any post-MMI earnings. The judge of compensation claims approved the carrier's application of section 440.15(3)(b), Florida Statutes (Supp. 1990) (hereafter referred to as the 1990 Act), and the district court affirmed the order, finding that the 1990 Act was the law in effect at the time of the accident.
In Martinez v. Scanlan, 582 So.2d 1167 (Fla. 1991), this Court ruled that the 1990 amendment of chapter 440, Florida Statutes, was unconstitutional because it violated the single subject rule by addressing both workers' compensation and international trade. The Scanlan opinion, which was filed on June 6, 1991, expressly declared that it shall operate "prospectively only." Id. at 1176. In January 1991, between the enactment of the 1990 Act and this Court's decision in Scanlan, the legislature convened in special session to address the constitutional problems of the 1990 Act. The legislature corrected the single subject problem by separating the law into two distinct bills and reenacting both laws.[*] The legislature expressly provided that the 1991 Act, section 440.15(3)(b), Florida Statutes (1991), would be applied retroactively to July 1, 1990, the original effective date of the 1990 Act. Garcia's *119 injury occurred on July 5, 1990, after the effective date of the 1990 Act and before it was declared unconstitutional.
Garcia argues that the calculation of his wage-loss benefits based on the application of the 1990 Act is clearly erroneous because the statute was invalid on the date of its passage. According to Garcia, the only valid law which could pass constitutional muster on the date of his accident was the 1989 Act. We empathize with Garcia's predicament of having been injured during the "window" period  the period between the enactment of the 1990 Act and the Scanlan decision declaring the 1990 Act unconstitutional. However, the date of the claimant's injury determines the applicable law.
It is well established in Florida that the substantive rights of the respective parties under the Workmen's Compensation Law are fixed as of the time of the injury to the employee. This is so because the acceptance of the provisions of the Workmen's Compensation Law by the employer, the employee, and the insurance carrier constitutes a contract between the parties which embraces the provisions of the law as of the time of the injury.
Sullivan v. Mayo, 121 So.2d 424, 428 (Fla. 1960). In the instant case, the 1990 Act controls Garcia's rights based on his contractual relationship with his employer and the carrier on the date of the accident, July 5, 1990.
Although Garcia attempts to reargue the effective date of our ruling in Scanlan, the Scanlan opinion specifically addresses that issue.
Clearly, a penal statute declared unconstitutional is inoperative from the time of its enactment, not only and simply from the time of the court's decision. Russo v. State, 270 So.2d 428 (Fla. 4th DCA 1972). In determining whether a statute is void ab initio, however, this Court seemingly has distinguished between the constitutional authority, or power, for the enactment as opposed to the form of the enactment. McCormick v. Bounetheau, 139 Fla. 461, 190 So. 882 (1939). Here, we are declaring chapter 90-201 unconstitutional not because the legislature lacked the power to enact it, but because of the form of its enactment.
... .
When the legislature enacted the 1991 curative statutes in special session, it expressly stated that those provisions were retroactively applicable to the effective date of chapter 90-201. Thus, it is evident that the legislature sought to avoid the uncertainties and problems arising from declaring this statute void ab initio.
Scanlan, 582 So.2d at 1174, 1175. If this Court honored Garcia's request to apply the 1989 Act, it would violate the principle of stare decisis and render the decision in Scanlan meaningless. Because the 1990 Act was unconstitutional only after the filing of Scanlan on June 6, 1991, the 1990 Act was constitutional and in effect on the date of Garcia's accident.
We answer the first certified question in the affirmative, and therefore we do not reach the second question regarding the constitutionality of the retroactivity provision in the 1991 Act. Given our holding in Scanlan, we approve the district court's decision to apply section 440.15(3)(b), Florida Statutes (Supp. 1990), in calculating Garcia's wage-loss benefits.
It is so ordered.
OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., concurs specially with an opinion.
BARKETT, Chief Justice, specially concurring.
I agree with the majority that Martinez v. Scanlan, 582 So.2d 1167 (Fla. 1991) controls this case and requires that we answer the first certified question in the affirmative. However, I continue to adhere to the views I expressed in Scanlan. 582 So.2d at 1176 (Barkett, J., concurring in part, dissenting in part.).
NOTES
[*] Chapters 91-1 and 91-5, Laws of Florida.