PER CURIAM.
Ophene Jones appeals a workers’ compensation order applying Section 440.02(24), Florida Statutes (Supp.1990), and excluding consideration of concurrent employment in the determination of her average weekly wage. We affirm in part, reverse in part and remand for further proceedings.
Claimant’s compensable accident occurred on January 23, 1991, during the “window” period to which the 1990 amendments to chapter 440 apply. See Ballard v. Morning Star Construction, 629 So.2d 322 (Fla. 1st DCA 1993) (citing Garcia v. Carmar Structural, Inc., 629 So.2d 117 (Fla.1993)). The Judge of Compensation Claims, therefore, did not err in applying the 1990 amendments to Jones’ claim. The JCC erred, however, in his interpretation of the 1990 amendments. We reverse and remand for further proceedings in accordance with Vegas v. Globe Security, 627 So.2d 76 (Fla. 1st DCA 1993). For this reason, it is not necessary to reach the constitutional issues.
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.
ZEHMER, C.J., and MINER and WOLF, JJ., concur.