VILLANTI, Chief Judge,
concurring in part and dissenting in part.
I fully concur in the. majority’s ruling that the order on appeal is not appealable as a nonfinal order issuing an injunction. However, I dissent from that part of the ruling that concludes that.this court does not have jurisdiction to consider this as an appeal from a final order entering a declaratory judgment because the trial court reserved jurisdiction to determine a claim for “damages” that was not pleaded and that may or may not ever be sought.
The essence of a declaratory judgment action is that it asks the court to “afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations.” Martinez v. Scanlan, 582 So.2d 1167, 1170 (Fla.1991). The relief contemplated is a “'declaration of rights, status, or other equitable or legal relations.” § 86.021 (emphasis added). Further, while supplemental relief based on the declaration of rights may be obtained by motion, see § 86.061, importantly, a future request for relief other than the declaration of rights is not required. For this reason, section 86.011 specifically provides that “[t]he court’s declaration may be either affirmative or negative in form and effect and such declaration has the force and effect of a final judgment.” (Emphasis added.) Hence, this is a legal status conferred on the judgment by operation Of law rather than a substantive status related to the form of the judgment. We. need not expand our jurisdiction by making this straightforward observation.
Simply put, once the trial court entered the judgment declaring the parties’ rights and obligations under the tax statute at issue here, that judgment legally had “the force and effect of a final judgment.” Indeed, the plain language of section 86.011 unequivocally, requires this conclusion. While FAWD has the open-ended option to seek further relief based on that declaration if it chooses to do so, it is not obligated to do so within any particular time frame, if at all. That''is why it is important on due process grounds to allow the Department to have the order’s immediate import reviewed now. It may not be able to do so in the future, and its ability to secure appellate review of the declaratory judgment should not depend on the whims of FAWD. As such, the trial court’s declaratory judgment constituted a final, appeal-able order at that point.
Even though hone of the casés cited by the majority actually deal with a declaratory judgment seeking construction of a tax statute, that is not crucial to my view. What is crucial is that none of the cited declaratory judgment cases involved a single remaining declaratory judgment count that did not include a request for further relief. I accept the proposition that we must abide by the. general rule forbidding piecemeal review as a solid jurisdictional concept. I just do not agree that the general rule has any application .in the unique procedural context of the order on review in this case or its underpinning statutory authority. Due process should never allow form .to outweigh substance. I, for one, would not leave the potential of the order escaping appellate review to chance.
Nevertheless, the majority concludes that the trial court’s decision to attempt to reserve jurisdiction to determine “damages” somehow makes the declaratory judgment not final;[4] However, FAWD’s *986 complaint did not seek damages, and I fail to see how the trial court’s effort to reserve jurisdiction to award relief not sought in the complaint could render nonfi-nal a judgment that is otherwise final by statute. • To allow this would permit the trial court to create continuing jurisdiction; except for enforcement ■ purposes, when none actually exists.
When the trial court entered its order declaring the parties’ rights under the tax statute, the court disposed of the only issue remaining before it, and its judicial labor was concluded , on this point. No claims for damages or other relief were sought that would leave the judicial labor incomplete, and the trial court may not, albeit unintentionally,- manufacture such claims through a reservation of jurisdiction. Therefore, I would hold. that the judgment on appeal is sufficiently: final for review, and I would not dismiss this appeal.

. Indeed, I find it curious that the trial court sua sponte stated that it was making a ruling *986 on “liability” while purporting to reserve jurisdiction to consider, "damages.” "Liability” is not an issue in a declaratory judgment action seeking the proper construction and application of a tax statute, and .neither party sought a ruling- oh "liability.” And while -I recognize that the trial court has broad discretion to fashion relief in a declaratory judgment action, awarding damages when none are sought in the complaint is not within its discretion. Moreover, under the circumstances of this case, such a purported "reservation” only muddles our review and perhaps is an unnecessary contributing factor creating the majority’s difference of opinion with my view..