632 So.2d 691 (1994)
Edward James GROOVER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1794.
District Court of Appeal of Florida, First District.
March 1, 1994.
Rehearing Denied March 23, 1994.
*692 Nancy A. Daniels, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Edward James Groover appeals the sentences imposed after he pled nolo contendere to one count of manslaughter by culpable negligence which evidenced prejudice based on race, contrary to sections 782.07 and 775.085, Florida Statutes (1991), and two counts of culpable negligence which evidenced prejudice based on race, contrary to sections 784.05(2) and 775.085, Florida Statutes (1991). Groover argues that section 775.085, commonly referred to as Florida's Hate Crimes Statute, is both facially unconstitutional and unconstitutional as applied. We affirm.
We reject Groover's argument that section 775.085 is facially unconstitutional. In State v. Stadler, 630 So.2d 1072 (Fla. 1994), the supreme court rejected arguments that the statute is both vague and overbroad and punishes pure thought and expression in violation of the First Amendment by placing a narrowing construction on the statute. The supreme court held that section 775.085 "applies only to bias-motivated crimes," which was defined as "any crime wherein the perpetrator intentionally selects the victim because of the victim's `race, color, ethnicity, religion, or national origin.'" Id. at 1077.
We also reject Groover's argument that reversal is required because section 775.085 is unconstitutional as applied. This issue was not raised below and is therefore not preserved for appeal. Trushin v. State, 425 So.2d 1126 (Fla. 1982). Groover entered a plea of nolo contendere on March 13, 1992, without reservation of the right to appeal. No facts regarding the offenses were placed on the record at the plea hearing. Groover's counsel, at the sentencing hearing on May 8, 1992, asked that the imposition of sentencing be delayed so that she could file a motion attacking the enhancement of the sentence under section 775.085. The trial judge denied the request for a continuance, noting that Groover had filed a demand for speedy trial and then entered a plea. Defense counsel never actually raised the issue of the constitutionality of the statute at the sentencing hearing.
AFFIRMED.
BARFIELD, ALLEN and WEBSTER, JJ., concur.