PER CURIAM.
This case is before us on appeal from an order of the judge of compensation claims (JCC), applying section 440.02(24), Florida Statutes (Supp.1990), to deny inclusion of concurrent earnings in the calculation of Felicia Nnonyelu’s average weekly wage (AWW). We affirm in part, reverse in part, and remand for further proceedings.
Nnonyelu’s compensable accident occurred on November 4, 1990, during the “window” period to which the 1990 amendments to chapter 440 apply. See Ballard v. Morning Star Construction, 629 So.2d 322 (Fla. 1st DCA 1993), citing Garcia v. Carmar Structural, Inc., 629 So.2d 117 (Fla.1993). Thus, the JCC did not err in applying the 1990 amendments to Nnonyelu’s claim. However, considering this court’s opinion in Vegas v. Globe Security, 627 So.2d 76 (Fla. 1st DCA 1993) (en banc), we conclude the JCC .did err in construing the 1990 amendments. Therefore, we reverse and remand for further proceedings in accordance with Vegas. For foregoing reason, we find it unnecessary to reach the constitutional issues raised by Nnonyelu.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
BOOTH, KAHN and MICKLE, JJ., concur.