PER CURIAM.
This cause is before us on appeal from the order of the deputy commissioner compel *273 ling production of hospital records, wherein the parties have sought to present to this court for resolution the effect of Section 395.017(3), Florida Statutes, on the power of the deputy to subpoena hospital records pursuant to Section 440.33, Florida Statutes. We treat the appeal as petition for writ of certiorari.
After oral argument,[1] and upon careful consideration of the records and briefs before us, we find that the issue sought to be presented is moot since, under the facts of this particular case, claimant has waived the right to assert confidentiality under Section 395.017(3), by agreeing with the position of the' employer/carrier that the records were properly subject to subpoena issued by the deputy. Thus, although claimant did not sign a written consent form, the privilege to assert confidentiality under the statute, being personal to the claimant, has been waived.
It is a long-standing rule of appellate jurisprudence that the court will not undertake to resolve issues which, though of interest to the bench and bar, are not dispositive of the particular case before the court. Accordingly, we hold that the deputy, in issuing subpoena duces tecum and denying the hospital’s motion to quash, modify or limit that subpoena, did not violate essential requirements of law. Petition for writ of certiorari is denied.
MILLS, BOOTH and SHIVERS, JJ., concur.

. Counsel for claimant, and for the amicus curiae, although filing briefs, were not present at oral argument and did not seek to avail themselves of opportunity to present oral argument to the court.