DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NADINE MCINDOO,**
Appellant,

v.

**ASHLEY ATKINSON,**
Appellee.

No. 4D13-3374

[February 18, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Laura M. Watson, Judge; L.T. Case No. FMCE13006106.

Nadine McIndoo, Lauderhill, pro se.

No appearance for appellee.

CONNER, J.

Appellant, Nadine McIndoo ("the mother"), appeals the trial court's order denying her petition to domesticate a foreign child custody judgment. We agree with her argument that the trial court erred in determining that it did not have jurisdiction over the case and we reverse.

*Factual Background and Trial Proceedings*

In November 1999, an order was entered by a New York court placing custody of the parties' child with the mother and granting the father visitation ("the NY Order"). The mother moved with the child to Florida in 2003.

In December 2012, there was a child protection investigation and court proceeding regarding an incident involving the mother and the child. The child was temporarily "removed from the care of his natural mother," and "placed in the care of his natural father" while the child protection proceeding was pending. After gaining temporary care of the child, the father relocated the child to Arizona. The child protection proceeding was dismissed later the same month, and the investigation was closed in early January 2013.

Once the investigation into the mother was closed, she attempted to regain custody of the child, but the father refused to return the child to the mother.

In May 2013, the mother filed a petition in the court below to domesticate the NY Order. A week later she filed a notice of registration of the NY Order and an emergency verified motion for a child pick-up order. The trial court entered an order granting the motion for a pick-up order on the same day. Within the form order, the trial court checked the box stating: "This Court exercised and continues to exercise original jurisdiction over the minor children listed below under the [UCCJEA]. . . specifically, section 61.514, Florida Statutes."[1]

The father filed a response and opposition to the mother's petition to domesticate the NY Order, citing sections 61.514 and 61.519, Florida Statutes (2013), and arguing that the trial court did not have jurisdiction because, among other reasons, the child had not lived in Florida for the six months prior to the filing of the mother's petition, and also because a court in Arizona had begun proceedings over the issue. The father's position regarding the six-month residency requirement was predicated on the fact that he removed the child to Arizona. Attached to the father's response were two "minute entries" from an Arizona court.[2] One granted the father temporary sole legal decision-making authority and sole legal physical custody over the child, as "[t]his w[ould] allow Father sufficient time for a determination as to the home state of the child and whether a New York court, a Florida court, or this court has jurisdiction to modify a custody order in accordance with the U[CCJEA]." The other entry extended the temporary orders of the court until August 15, 2013, or "a decision by the Florida Court to exercise jurisdiction."

On August 9, 2013, after a hearing, the trial court entered an order denying the mother's petition to domesticate the NY Order. Based on its written order, it appears that the trial court found that it did not have

---

[1] "The general purposes of the UCCJEA are to avoid jurisdictional competition and conflict with other courts in child custody matters; promote cooperation with other courts; insure that a custody decree is rendered in the state which enjoys the superior position to decide what is in the best interest of the child; deter controversies and avoid relitigation of custody issues; facilitate enforcement of custody decrees; and promote uniformity of the laws governing custody issues." *Arjona v. Torres*, 941 So. 2d 451, 454 (Fla. 3d DCA 2006) (citing § 61.502, Fla. Stat. (2005)).

[2] The father evidently had filed a child custody proceeding in Arizona.

subject-matter jurisdiction for three reasons: (1) the mother did not file a motion regarding a "child custody proceeding" as defined by section 61.503(4), Florida Statutes (2013); (2) Florida was not the "home state" of the child; and (3) Arizona had already begun proceedings "in substantial conformity with the UCCJEA." The mother appeals this order. We discuss the trial court's determinations sequentially.

*Appellate Analysis and Disposition*

*"Child Custody Proceeding"*

Section 61.503(4), Florida Statutes (2013), states:

> (4) "Child custody proceeding" means a proceeding in which legal custody, physical custody, residential care, or visitation with respect to a child is an issue. The term includes a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights, and protection from domestic violence, in which the issue may appear. The term *does not include* a proceeding involving juvenile delinquency, contractual emancipation, *or enforcement under ss. 61.524-61.540.*

§ 61.503(4), Fla. Stat. (2013) (emphasis added). As can be seen, the petition for domestication of foreign judgment and notice of registration filed by the mother, pursuant to sections 61.526 and 61.528, respectively, are expressly not included as "child custody proceedings" under the UCCJEA. The trial court order does not cite to, nor can we find, any statutory authority which requires that a proceeding be a "child custody proceeding" under the definition in the UCCJEA before the trial court can have jurisdiction to act upon a petition to domesticate a foreign custody order. To the contrary, both the statute governing domestication of a foreign judgment (section 61.526) and registration of a judgment (section 61.528) are contained *within* Florida's UCCJEA statutes. It would be absurd for the legislature to have placed within Florida courts the power to recognize and register a foreign judgment if the same chapter prohibits jurisdiction over the same. Therefore, the fact that the mother's filings were not regarding a child custody proceeding is irrelevant to the question of jurisdiction to domesticate a foreign custody order.

*The "Home State" Rule*

Likewise, the trial court also incorrectly applied the "home state" rule to the mother's petition to domesticate the NY Order. Section 61.503(7), Florida Statutes (2013), provides:

> (7) "Home state" means the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months *immediately before the commencement of a child custody proceeding.* In the case of a child younger than 6 months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period.

§ 61.503(7), Fla. Stat. (2013) (emphasis added). The "home state" rule applies to "child custody proceedings." As discussed above, and found by the trial court, the petitions filed by the mother *did not* constitute "child custody proceedings." This means that the "home state" rule did not apply to the mother's petitions either.

Perhaps the trial court may have incorrectly applied the "home state" rule based on section 61.514, Florida Statutes (2013), since the father's opposition to the mother's petition relied in large part on this section of the UCCJEA. This section states:

> (1) Except as otherwise provided in s. 61.517, a court of this state has jurisdiction to make an *initial child custody determination* only if:
>
> (a) This state is the *home state of the child* on the date of the commencement of the proceeding, or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

§ 61.514, Fla. Stat. (2013) (emphasis added). However, as stated in the statute, this "home state" rule applies to an *initial* child custody determination, whereas the petition and notice filed by the mother were not for an initial child custody determination. Instead, the petition and

4

notice sought to have Florida recognize the previous custody determination made in the NY Order.[3]

*Simultaneous Proceedings in Arizona*

Section 61.519, Florida Statutes (2013), which governs the trial court's jurisdiction in simultaneous proceedings, states:

> Except as otherwise provided in s. 61.517, a court of this state *may not exercise its jurisdiction under ss. 61.514-61.524* if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child had been commenced in a court of another state having jurisdiction *substantially in conformity with this part*, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum under s. 61.520.

§ 61.519, Fla. Stat. (2013) (emphasis added). Although the trial court did not specifically cite to this statute in its order, since it stated that "Arizona's proceedings are in *substantial conformity* with the UCCJEA," it appears that the trial court concluded it did not have subject-matter jurisdiction based, at least in part, upon the simultaneous proceedings statute. In doing so, the trial court misapplied the statute. Since section 61.519 *expressly* states that the court may not exercise jurisdiction under sections 61.514-61.524, the simultaneous proceedings statute did not bar the trial court's jurisdiction to entertain the mother's petition to domesticate under section 61.526 or the notice she filed under section 61.528.

*Proper Statutory Application*

The proper statute which the trial court should have applied was section 61.526, Florida Statutes (2013). Section 61.526 states:

> A court of this state **shall** *recognize and enforce a child custody determination of a court of another state* if the latter court exercised jurisdiction in substantial conformity with this part or the determination was made under factual

---

[3] The inapplicability of the home state rule to the process for domestication of a foreign judgment does not, however, prevent a party from being able to make a "home state" challenge in an appropriate context, such as a subsequent request for a modification of a domesticated order. *See* § 61.516, Fla. Stat. (2013).

circumstances meeting the jurisdictional standards of this part and the determination has not been modified in accordance with this part.

§ 61.526(1), Fla. Stat. (2013) (emphasis added). Since the factual circumstances of the case meet the jurisdictional standards of the statute, and the NY Order has not been modified, the trial court should have granted the mother's petition of domesticate the NY Order.

Additionally, since the father failed to file a valid objection to the mother's notice of registration, the NY Order should have also been confirmed as a registered order, and thus, was enforceable as of the date of the registration. *See* §§ 61.528(3)(a), (5), Fla. Stat. (2013).

We therefore reverse the trial court's order and remand with instructions that the trial court enter an order granting the mother's petition to domesticate the NY Order and confirming the registration of the NY Order.

*Reversed and remanded.*

CIKLIN and FORST, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

6