ROWE, J.
This cases arises from a constitutional challenge to the qualified blind trust statute. Appellant, James Apthorp, seeks a declaration that the statute violates the requirement of full and public financial disclosure found in Article II, section 8 of the Florida Constitution because it allows public officers to file financial disclosure statements without disclosing the value of individual assets contained within qualified blind trusts. As explained further below, because Apthorp failed to present a justiciable controversy, the trial court erred by exercising its jurisdiction and entering a declaratory judgment regarding the constitutionality of the qualified blind trust statute. We, therefore, vacate the declaratory judgment entered below.
Historical Background
In 1976, as a result of the first successful constitutional ballot initiative, Article II, section 8 of the Florida Constitution (“the Sunshine Amendment”) was passed. This provision was the focal point of the late Governor Rubin Askew’s ethics reform program, and it reads in pertinent part:
*238 A public office is a public trust. The people shall have the right to secure and sustain that trust against abuse. To assure this right:
(a) All elected constitutional officers and candidates for such offices and, as may be determined by law, other public officers, candidates, and employees shall file full and public disclosure of their financial interests.
[[Image here]]
(h) This section shall not be construed to limit disclosures and prohibitions which may be established by law to preserve the public trust and avoid conflicts between public duties and private interests.
(i) Schedule — On the effective date of this amendment and until changed by law:
(1) Full and public disclosure of financial interests shall mean filing with the custodian of state records by July 1 of each year a sworn statement showing net worth and identifying each asset and liability in excess of $1,000 and its value together with one of the following:
a. A copy of the person’s most recent federal income tax return; or
b. A sworn statement which identifies each separate source and amount of income which exceeds $1,000. The forms for such source disclosure and the rules under which they are to be filed shall be prescribed by the independent commission established in subsection (f), and such rules shall include disclosure of secondary sources of income.
Art. II, § 8(a), Fla. Const. As our supreme court has observed, “the primary purpose for which the Sunshine Amendment was adopted was to impose stricter standards on public officials so as to avoid conflicts of interests.” Plante v. Smathers, 372 So.2d 933, 936-37 (Fla.1979).
In 2010, Florida’s Nineteenth Statewide Grand Jury convened to investigate allegations of public corruption and to develop specific recommendations regarding improving current laws. See 19th Statewide Grand Jury, Case No. SC 09-1910, First Interim Rpt., A Study of Pub. Corruption in Fla. & Recommended Solutions (Dec. 29, 2010). One of the grand jury’s recommendations was that public officials in Florida should consider using blind trusts to avoid conflicts of interests. The grand jury’s report noted that other states and the federal government authorized the use of blind trusts by public officers. Id. at 69. The grand jury concluded that blind trusts eliminate the appearance of impropriety when a public official makes policy decisions that may affect his or her financial interests. Id. at 70. Accordingly, the grand jury recommended that the Legislature enact laws permitting public officials to use blind trusts in Florida. Id. In 2012, the Ethics Commission echoed the need for the Legislature to enact laws to allow Cabinet officers to use blind trusts. Comm’n on Ethics, Annual Rpt. to the Fla. Legis. for Calendar Year 2012, at 26. In response, the Legislature in 2013 unanimously enacted section 112.31425, Florida Statutes, authorizing the use of qualified blind trusts with regard to financial disclosures required by law. The Legislature enacted this statute with the express declaration that “if a public officer creates a trust and does not control the interests held by the trust, his or her official actions will not be influenced or appear to be influenced by private considerations.” § 112.31425(1), Fla. Stat. (2013). In creating qualified blind trusts to eliminate the potential for conflicts between public service and private interests, the Legislature also modified financial disclosure requirements which otherwise required public officials to itemize and report their assets each year. The Legislature provided that *239 public officers must disclose only the lump-sum value of qualified blind trusts each year, instead of allowing them to disclose the value of each individual asset within the qualified blind trust. See Art. II, § 8(h), Fla. Const, (recognizing the that Legislature may establish disclosures and prohibitions “to preserve the public trust and avoid conflicts between public duties and private interests”). The qualified blind trust statute became effective on May 1, 2018. § 112.31425, Fla. Stat. (2013).
Procedural History
This case originated on May 14, 2014, when Apthorp filed an “Emergency Petition Invoking Original Jurisdiction of the Supreme Court for a Writ of Mandamus to Require Compliance with the Constitutional Directive for Full and Public Financial Disclosure.” Apthorp preemptively sought a writ of mandamus directing Appellee, Secretary of State Ken Detzner, to refuse filing papers from any candidate seeking to qualify for public office that included a qualified blind trust. At the time the petition was filed and at no point thereafter, did a candidate for public office file qualifying papers which included a qualified blind trust.[1] The supreme court declined to exercise jurisdiction over the petition and transferred it to the circuit court.
After the petition was transferred to the circuit court, Apthorp amended his petition to include a request for a declaratory judgment. Specifically, Apthorp sought a declaration that section 112.31425(5) was unconstitutional because it allowed public officials to circumvent the full and public financial disclosure requirement found in the Sunshine Amendment. However, as in the original petition, Apthorp failed to allege that any public officer had filed any financial disclosure required by law which contained a qualified blind trust as defined by section 112.31425(5). Apthorp voluntarily dismissed the petition for writ of mandamus and proceeded only on the declaratory judgment count. When the trial court held a hearing on the request for a declaratory judgment, no qualified blind trusts were being used by any public officer or candidate seeking office, which caused the trial court to express its concern that there was no true controversy before the court. Apthorp argued that the mere existence of the statute was enough to give rise to the necessary controversy to maintain a declaratory action. In response, Secretary Detzner argued that Ap-thorp failed to show that there was a justi-ciable controversy and he failed to show any injury because no candidate or public officer used a qualified blind trust as provided for in the challenged statute when filing any financial disclosure required by law. After hearing arguments from the parties, the trial court determined that there was a sufficient controversy to maintain a declaratory judgment action and concluded that section 112.31425(5) was constitutional. This appeal follows.
Analysis
This case presents an important constitutional question, namely whether a public officer who includes a qualified blind trust authorized under section 112.31425 in *240 any financial disclosure required by law complies with the requirement for full and public disclosure found in Article II, section 8. However, notwithstanding the substantial interest in this case from the bench and bar, we are constrained to leave for another day the resolution of this constitutional question because this case lacks a justiciable controversy. Polk County v. Sofka, 702 So.2d 1243, 1245 (Fla.1997) (holding that “courts are bound to take notice of the limits of their authority and if want of jurisdiction appears at any stage of the proceedings, original or appellate, the court should notice the defect and enter an appropriate order”); Marion County Hosp. Dist. v. Akins, 435 So.2d 272, 273 (Fla. 1st DCA 1983) (“It is a long-standing rule of appellate jurisprudence that the court will not undertake to resolve issues which, though of interest to the bench and bar, are not dispositive of the particular case before the court.”).
District courts are courts of limited jurisdiction and may only exercise the jurisdiction conferred on them by the Florida Constitution. Caufield v. Cantele, 837 So.2d 371, 374 (Fla.2002). Apthorp’s case arises under Chapter 86, the Declaratory Judgment Act, which authorizes trial courts to render declaratory judgments on the existence, or non-existence, of any immunity, power, privilege, or right. § 86.011, Fla. Stat. (2013). However, “it is well settled that, Florida courts will not render, in the form of a declaratory judgment, what amounts to an advisory opinion at the instance of parties who show merely the possibility of legal injury on the basis of a hypothetical state of facts which have not arisen and are only contingent, uncertain, [and] rest in the future.” Santa Rosa County v. Admin. Comm’n, Div. of Admin. Hearings, 661 So.2d 1190, 1193 (Fla.1995) (internal quotations omitted). Therefore, before' we are permitted to reach the question of the constitutionality of the qualified blind trust statute, we must first determine whether Apthorp has presented a justiciable controversy. Sarasota-Fruitville Drainage Dist. v. Certain Lands Within Said Dist. Upon Which Drainage Taxes for the Year 1952 Have Not Been Paid, 80 So.2d 335, 336 (Fla.1955); see also Yell v. Healthmark of Walton, Inc., 772 So.2d 568, 570 (Fla. 1st DCA 2000) (“Declaratory judgment is appropriate only when there is an actual controversy before the court; a court otherwise lacks jurisdiction.”).
To invoke the jurisdiction of the court, Apthorp was required to allege a present controversy based on articulated facts which demonstrate a real threat of immediate injury. Reinish v. Clark, 765 So.2d 197, 202 (Fla. 1st DCA 2000). Specifically, Apthorp was required to establish that:
there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. These elements are necessary in order to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the courts.
*241 Martinez v. Scanlan, 582 So.2d 1167, 1170 (Fla.1991) (emphasis in original) (quoting May v. Holley, 59 So.2d 686, 689 (Fla.1952)). For the reasons that follow, we hold that Apthorp has wholly failed to allege a bona fide, actual, present practical need for a declaration that the qualified blind trust statute is unconstitutional.
We have declined to exercise jurisdiction in numerous cases seeking declaratory relief where there was a lack of a justiciable controversy. See, e.g., 1108 Ariola, LLC v. Jones, 71 So.3d 892 (Fla. 1st DCA 2011) (holding that the trial court inappropriately granted declaratory relief because the leaseholders did not plead any facts establishing a bona fide, present need for such a declaration); Fla. Dep’t of Ins. v. Guarantee Trust Life Ins. Co., 812 So.2d 459 (Fla. 1st DCA 2002) (determining that the trial court’s order declaring a statute unconstitutional was an impermissible advisory opinion because the plaintiffs merely alleged that there was a possibility at some point in the future that the application of the statute would result in the denial of their requests for a rate change); State v. Fla. Consumer Action Network, 830 So.2d 148 (Fla. 1st DCA 2002) (reversing final summary judgment granting declaratory relief because all of the allegations within the complaint were grounded on speculation and hypothesis); Fla. Soc’y of Ophthalmology v. State, 532 So.2d 1278 (Fla. 1st DCA 1988) (affirming the dismissal of a complaint seeking a declaratory judgment because the complaint failed to allege a justiciable controversy between the parties arising from application of the challenged act); Montgomery v. Dep’t of Health & Rehab. Servs., 468 So.2d 1014, 1016-17 (Fla. 1st DCA 1985) (affirming the dismissal of a rule challenge stating, “It is the function of a judicial tribunal to decide actual controversies by a judgment which can be carried into effect, and not to give opinions on moot questions, or to declare principles or rules of law which cannot affect the matter in issue.”).
Here, Apthorp fails to present or even allege a justiciable controversy sufficient to maintain an action for a declaratory judgment. Not only has no public officer ever used the type of “qualified blind trust” authorized by the statute Apthorp is challenging, but his brief concedes that he knows of no constitutional officer or candidate who incorporated a blind trust in the most recent financial statements. To be entitled to a declaratory judgment, “the dispute must be justiciable in the sense that it is based upon some definite and concrete assertions of right, the contest thereof involving the legal or equitable relations of parties having adverse interests with respect to which the declaration is sought.” Colby v. Colby, 120 So.2d 797, 799 (Fla. 2d DCA 1960). This case is merely a general challenge to the existence of the qualified blind trust statute as demonstrated by the allegations contained within Apthorp’s amended complaint. Ap-thorp alleged that section 112.31425(5) was violative of the constitution’s clear mandate for full and public financial disclosure and that the statute created a doubt about the administration of the financial disclosure requirements. These allegations fail to show an actual, rather than theoretical, dispute. The speculative nature of the complaint is further demonstrated by the relief sought. Apthorp merely sought a declaration that the statute was unconstitutional and an order directing Secretary Detzner to expunge the statute from the official records of the State. He never asks for an order directing Secretary Detzner to refuse to accept a specific candidate’s qualifying papers nor does he ask for an order directing a candidate or public officer to disclose the individual assets contained within a qualified blind trust. Thus, the complaint fails to allege a justiciable *242 controversy sufficient to maintain an action for a declaratory judgment. See City of Hollywood v. Petrosino, 864 So.2d 1175, 1177 (Fla. 4th DCA 2004) (noting that in order to prevail in a declaratory judgment action, the moving party must not be seeking “legal advice by the courts or the answers to questions propounded from curiosity”).
Conclusion
By pursuing a declaratory judgment as to the constitutionality of the qualified blind trust statute when no public officer has created or reported a qualified blind trust in any required disclosure, Apthorp invites this Court to render an advisory opinion; we must decline the invitation. Dr. Phillips, Inc. v. L & W Supply Corp., 790 So.2d 539, 544 (Fla. 5th DCA 2001) (“A court will not issue a declaratory judgment that is in essence an advisory opinion based on hypothetical facts that may arise in the future.”); Smith v. City of Pinellas Park, 336 So.2d 1255, 1256 (Fla. 2d DCA 1976) (“The law is clear that the mere possibility of injury at some indeterminate time in the future does not support standing to seek a declaratory judgment.”). Our conclusion that no case or controversy exists in this case necessitates a finding that the trial court erred in exercising its jurisdiction to render a declaratory judgment. McKenna v. Camino Real Village Ass’n, Inc., 8 So.3d 1172, 1174 (Fla. 4th DCA 2009); In re Coleman’s Estate, 103 So.2d 237, 240 (Fla. 2d DCA 1958). Because Apthorp failed to present a justicia-ble controversy and because the trial court lacked jurisdiction to issue the declaratory judgment, we DISMISS the appeal, VACATE the final judgment entered below, and REMAND to the trial court with directions to dismiss Apthorp’s complaint with prejudice. Fla. Consumer Action Network, 830 So.2d at 154; see also Philip J. Padovano, Florida Appellate Practice, § 1:2 (2015 ed.) (acknowledging the appellate court’s duty to correct a lower court’s unlawful exercise of jurisdiction by vacating or quashing an order entered without jurisdiction).
OSTERHAUS, J., concurs; THOMAS, J., specially concurring.

. Appellant cites two recent instances, before the statute was passed, that public officers had reported blind trusts in their financial disclosures, Governor Rick Scott for 2011 and 2012 and Chief Financial Officer Alex Sink for 2006-2010. Their financial disclosure statements were never challenged as failing to comply with the constitutional requirement of full and public disclosure, nor did their trusts operate as "qualified blind trusts” under the statute, which was only enacted in 2013.
Governor Scott's qualifying papers for the 2014 election, which included a financial disclosure statement for the calendar year 2013, did not include a blind trust of any type. He disclosed assets that were previously contained within his blind trust.