IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SAMANTHA HELFRICH,
INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

     Appellant,

v.

CITY OF JACKSONVILLE
AND THE BOARD OF
TRUSTEES OF THE CITY OF
JACKSONVILLE
RETIREMENT SYSTEM,

     Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1095

CORRECTED PAGES: pg 6
CORRECTION IS UNDERLINED IN
RED
MAILED: October 4, 2016
BY: KMS

Opinion filed October 4, 2016.

An appeal from the Circuit Court for Duval County.
Hugh A. Carithers, Judge.

S. Douglas Knox, Paul E. Parrish, and Kelli A. Edson of Quarles & Brady LLP,
Tampa, for Appellant.

Craig D. Feiser, Assistant General Counsel, Loree L. French, Senior Assistant
General Counsel, David J. D'Agata, Chief, Commercial Litigation, and Adina
Teodorescu, Assistant General Counsel, of the Office of General Counsel,
Jacksonville, for Appellees.

ON MOTIONS FOR REHEARING, REHEARING EN BANC, and for CERTIFICATION

PER CURIAM.

We deny appellant's motions for rehearing, rehearing en banc, and for certification. We withdraw our earlier opinion, however, and substitute the following opinion in its place.

Samantha Helfrich ("appellant") has raised two points in her appeal from a summary final judgment entered in favor of the City of Jacksonville and the Board of Trustees of the Jacksonville Retirement System ("appellees," "the City," or "the Board"). Upon careful examination of the issues raised, we conclude the first point on appeal is dispositive; therefore, we do not reach the second point.

When appellant left her employment with the City of Jacksonville, she had accumulated just over five years of service to the City and had contributed from her salary approximately $15,666 to her deferred retirement fund under the "Defined Benefit Plan" of the City's "General Employees Retirement Plan" ("the Plan"). In addition to the contributions from the City's employees, the Plan also requires the City to make periodic contributions to the retirement fund "[i]n order to assure the City's statutory and constitutional guarantee of the actuarial soundness of the Plan." § 120.203(c), Jacksonville Ord. Code. In appellant's case,

2

because she had not reached the designated retirement age of sixty-five when she left the City's employ, she was afforded her right under the Plan to elect one of the following options: (1) she could elect to vest for deferred retirement and leave her contributions in the fund, or (2) she could elect to rescind her vested rights and receive a refund of her accumulated contributions. § 120.203(g), Jacksonville Ord. Code. According to paragraph (A)4.(b) of Part III of the 2005 rules and regulations adopted by the Board, the body that administers the Plan, "the election must be made on the prescribed form." Appellant did not formally elect either of the options and did not, therefore, submit any election on the "prescribed form." Instead, she informed the Board she desired to receive a refund consisting of both her contributions to the retirement fund and those the City made in order to maintain the actuarial soundness of the fund during her term of employment. She was informed by the Board that she was not entitled to any portion of the City's contributions, but only to those contributions she personally had made through payroll deductions. Having received that information, appellant filed the present declaratory judgment action seeking a declaration from the trial court that the term "contributions" as used in section 120.203(g) of the Plan included both her own contributions as well those made by the City. The City filed a motion for summary judgment and appellant, a cross-motion for partial summary judgment concerning

3

the interpretation of the term "contributions." Following a hearing, the trial court granted the City's motion. This appeal followed.

Under her first point on appeal, appellant contends the trial court erred in deciding it did not have the jurisdiction to consider her claim. We review a trial court's ruling on a motion for summary judgment de novo. Fla. Bar v. Greene, 926 So. 2d 1195, 1200 (Fla. 2006). Furthermore, a trial court's ruling on a jurisdictional issue is a legal one also subject to de novo review. Aspsoft, Inc. v. WebClay, 983 So. 2d 761, 765 (Fla. 5th DCA 2008). During the hearing on the parties' cross-motions for summary judgment, when the omission of an election under the Plan was brought to the trial court's attention, the judge appropriately announced, "We can probably stop right here. . . . I don't have a case or controversy in front of me and I don't give advisory opinions." See Polk Cty. v. Sofka, 702 So. 2d 1243, 1245 (Fla. 1997) (holding that "courts are bound to take notice of the limits of their authority and if want of jurisdiction appears at any stage of the proceedings, original or appellate, the court should notice the defect and enter an appropriate order"); Marion Cty. Hosp. Dist. v. Akins, 435 So. 2d 272, 273 (Fla. 1st DCA 1983) ("It is a long-standing rule of appellate jurisprudence that the court will not undertake to resolve issues which, though of interest to the bench and bar, are not dispositive of the particular case before the court."). In its summary final judgment, the trial court expressly found: "Significantly, Helfrich

4

has yet to rescind her vested election in the Plan in order to invoke her right to any refund." It then directly addressed the consequence of appellant's failure to make an election. It held, because appellant failed to make her election, her request for a declaration from the court was one merely "seeking an advisory opinion based upon a hypothetical state of facts which are contingent, uncertain, and rest in the future." Consequently, the trial court held it lacked the jurisdiction to consider her claim for declaratory relief.

A circuit court's power to render a declaratory judgment rests on whether it can clearly be "'made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts.'" Bryant v. Gray, 70 So. 2d 581, 584 (Fla. 1954) (quoting May v. Holley, 59 So. 2d 636, 639 (Fla. 1952)). In fact, "[t]he relief sought should not merely be legal advice by the courts or to give an answer to satisfy curiosity. [Rather,] there must be a bona fide dispute between the contending parties as to a present justiciable question." Id. (citing Local No. 234 v. Henley & Beckwith, Inc., 66 So. 2d 818 (Fla. 1953)). Likewise, "[t]he relief sought should not merely be legal advice by the courts or to give an answer to satisfy curiosity." Id. The trial court certainly understood these principles when it cited to Bryant in its summary final judgment.

5

In Bryant, the Florida Supreme Court ruled the trial court lacked jurisdiction to enter a declaratory judgment in favor of the plaintiff, who had only expressed a "desire" to be a candidate in an election to fill the term of a deceased governor; the plaintiff was not sure; and "[i]n order that he might be *assisted in making up his mind* in coming to a decision, the petition for declaratory decree was filed, praying for a decree which [might] or [might not have], materialize[d]." Id. (emphasis added). Similarly, in Okaloosa Island Leasholders Association v. Okaloosa Island Authority, 308 So. 2d 120 (Fla. 1st DCA 1975), also cited by the trial court, we recognized that "[w]hile the existence of an actual controversy is not necessarily a prerequisite to the activation of the court's jurisdiction over a declaratory judgment action, it is clear that there must be a bona fide dispute between contending parties as to a present justiciable issue in order to invoke the declaratory judgment act." Id. at 121. More recently, in Apthorp v. Detzner, 162 So. 3d 236 (Fla. 1st DCA 2015), we considered the question whether the plaintiff sufficiently claimed a justiciable issue when he sought to have the trial court declare unconstitutional, as a violation of Florida's Sunshine Amendment, a statute authorizing the use of qualified blind trusts by public officials with regard to financial disclosures required by law. The trial court granted the motion and declared the statute constitutional. In vacating that ruling and dismissing the appeal, we agreed with the defendant that the plaintiff wholly failed to plead a present controversy simply

6

because he failed to allege that any public officer had in fact filed a financial disclosure containing a qualified blind trust as defined by the statute. We therefore "decline[d]" the plaintiff's invitation "to render an advisory opinion," id. at 242, stating that a "present controversy based on articulated facts which demonstrate a real threat of immediate injury" was necessary to invoke our jurisdiction. Id. at 240-41.

We now hold, consistent with Bryant, Okaloosa Island, and Apthorp, that appellant's request for a declaratory judgment posed nothing more than a hypothetical question raised to assist her in deciding which election to make under the Plan, and did not state a "definite and concrete assertion[] of right." Apthorp, 162 So. 3d at 241. The trial court was eminently correct in holding appellant's request for a judicial declaration was one simply seeking an advisory opinion. Because appellant failed to present a justiciable controversy, the trial court lacked jurisdiction to issue a declaratory judgment. Thus, since the trial court correctly determined it lacked jurisdiction, it should have dismissed appellant's complaint without also reaching its merits. Accordingly, we are compelled to DISMISS the appeal, VACATE the final judgment entered below, and REMAND to the trial court with directions to dismiss appellant's complaint with prejudice. Id. at 242 (citing Philip J. Padovano, Florida Appellate Practice, § 1:2 (2015 ed.) (acknowledging the appellate court's duty to correct a lower court's unlawful

7

exercise of jurisdiction by vacating or quashing an order entered without jurisdiction)).

ROBERTS, C.J., BILBREY, and JAY, JJ., CONCUR.