# First District Court of Appeal
## State of Florida

_____

No. 1D17-4240

_____

BETTY CAITLIN NICOLE SMITH,

    Appellant,

    v.

ZACHARY TAYLOR DANIEL,

    Appellee.

_____

On appeal from the Circuit Court for Madison County.
E. Bailey Browning, III, Judge.

June 4, 2018

PER CURIAM.

Appellant, the mother, appeals that portion of the "Final Judgment of Dissolution of Marriage with Dependent or Minor Child" ordering shared parental responsibility and granting supervised parenting time between the parties' minor child and Appellee, the father. Because those provisions of the final judgment ignore an unexpired Kentucky Domestic Violence Order of Protection entered against the father, and for additional reasons discussed below, we reverse.

A trial court has "broad discretion" in determining time-sharing matters and parenting plans, and its decision will not be disturbed on appeal absent an abuse of discretion. *J.N.S. v. A.M.A.*, 194 So. 3d 559, 560 (Fla. 5th DCA 2016); *Miller v. Miller*,

842 So. 2d 168, 169 (Fla. 1st DCA 2003). In the present case, however, we hold the trial court did abuse its discretion by failing to accord full faith and credit due the Kentucky Domestic Violence Order of Protection under 18 U.S.C. § 2265(a)[1] and section 741.315(2), Florida Statutes (2016).[2] *See also* § 61.526(1), Fla. Stat. (2016).[3] Significantly, the Order of Protection prohibits the father from coming within 500 feet of the minor child. By granting the father "parenting time," even though supervised, the final order directly contravenes the explicit terms of the Order of Protection.

Furthermore, the Order of Protection was direct and unrefuted evidence of domestic violence against the mother and the minor child by the father. Although the trial court did find that domestic violence occurred during the marriage because the father

---

[1] 18 U.S.C. § 2265(a) states in pertinent part: "Any protection order that is consistent with subsection (b) of this section by the court of one State . . . shall be accorded full faith and credit by the court of another State . . . and enforced by the court . . . of the other State . . . ." Subsection (b) requires that the issuing state shall have had jurisdiction over the parties and given reasonable notice and an opportunity to be heard to the party against whom the order is sought. Here, the Order of Protection recites that the court had jurisdiction and Appellee ("Respondent" per the order) "was provided with reasonable notice and opportunity to be heard." Appellee has not challenged the order in any way.

[2] Section 741.315(2), Fla. Stat., states:

Pursuant to 18 U.S.C. s. 2265, an injunction for protection against domestic violence issued by a court of a foreign state must be accorded full faith and credit by the courts of this state and enforced by a law enforcement agency as if it were the order of a Florida court . . . .

[3] Section 61.526(1), Fla. Stat.—appearing in Florida's Uniform Child Custody Jurisdiction and Enforcement Act— requires a Florida court to "recognize and enforce a child custody determination of a court of another state . . . ." The Kentucky Domestic Violence Order of Protection grants temporary custody of the minor child to Appellant.

did not refute the mother's allegations of the violence, there is nothing in the final order suggesting that the trial court seriously considered this finding in carrying out its duty to determine the best interests of the child according to the provisions of sections 61.13(2)(c)2.[4] and 61.13(3)(m),[5] Florida Statutes (2016). Nor can the court's pronouncement that the father should enjoy shared parental responsibility and visitation with the minor child be reconciled to its crediting of the mother's testimony that the domestic violence "did substantial emotional damage to the Child" and "that the Child's conditions and [medical] status require special consideration and attention by the Court."

In addition, apart from giving a passing mention to domestic violence, which, as previously noted, is a factor to be considered under section 61.13(3)(m), the final order is otherwise devoid of any suggestion that the trial court considered the remaining factors in section 61.13(3)(a)-(t), Florida Statutes (2016), in order to determine the best interests of the child. *See Bainbridge v. Pratt*, 68 So. 3d 310, 313 (Fla. 1st DCA 2011) (concluding that while "there is no statutory requirement that a trial court engage in a discussion as to each of the factors [in section 61.13(3)], a discussion of the relevant factors can be helpful in determining whether the trial court's judgment is supported by competent, substantial evidence"). For this reason, we conclude that the trial court's award of shared parental responsibility and parenting time is not based on competent, substantial evidence.

Thus, we reverse that portion of the "Final Judgment of Dissolution of Marriage with Dependent or Minor Child" relating to shared parental responsibility and parenting time. We remand the case to the trial court with instructions for it to reconsider, and if necessary, to take additional evidence on and make findings

[4] Section 61.13(2)(c)2., Florida Statutes, provides that when considering whether to order shared parental responsibility and time-sharing, "the court shall consider evidence of domestic violence . . . as evidence of detriment to the child."

[5] Section 61.13(3)(m), Florida Statutes, states that one of the factors to be evaluated in determining the best interests of the child is "[e]vidence of domestic violence . . . ."

concerning, the Kentucky Domestic Violence Protection Order and the best interests of the child, as those factors directly affect the issues of shared parental responsibility and parenting time.

AFFIRMED, in part, REVERSED, in part, and REMANDED for further proceedings.

LEWIS, ROBERTS, and JAY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Betty Smith, pro se, Appellant.

Zachary Daniel, pro se, Appellee.