RENDERED: MARCH 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0240-ME

BETTY CAITLIN NICOLE SMITH          APPELLANT

APPEAL FROM CALLOWAY CIRCUIT COURT
v.          HONORABLE JAMES G. ADAMS, JUDGE
ACTION NOS. 13-D-00044, 13-D-00044-001 & 13-D-00044-002

ZACHARY TAYLOR DANIEL          APPELLEE

AND          NO. 2020-CA-0744-ME

BETTY CAITLIN NICOLE SMITH          APPELLANT

APPEAL FROM CHRISTIAN CIRCUIT COURT
v.          HONORABLE JASON SHEA FLEMING, JUDGE
ACTION NO. 20-CI-00165

ZACHARY TAYLOR DANIEL          APPELLEE

\*\* \*\* \*\* \*\* \*\*

BEFORE: GOODWINE, MAZE, AND MCNEILL, JUDGES.

MAZE, JUDGE: Betty Caitlin Nicole Smith (Smith) appeals from separate orders of the Calloway Family Court and the Christian Family Court denying her relief in her actions against Zachary Taylor Daniel (Daniel). In the Calloway Family Court case, we find that the trial court did not abuse its discretion by declining to impose contempt for Daniel's alleged violations of an expired domestic violence order (DVO). In the Christian Family Court case, we conclude that the trial judge was not obligated to recuse himself from the matter. Hence, we affirm the orders in both cases.

This matter arises from two separate appeals but involves related facts. Smith and Daniel are the Mother and Father, respectively, of M.L.A.S., born in July 2013. In 2014, Daniel filed a paternity/custody action against Smith in the Calloway Family Court. On November 19, 2014, the family court entered an agreed order adjudicating Daniel as the father of the child and granting joint custody with Smith designated as the residential parent.

However, the parties continued to have disputes over visitation and custody. Based upon Smith's allegations of domestic violence by Daniel, the family court entered a DVO restraining Daniel from contact with Smith and

awarding Smith temporary custody of M.L.A.S. The terms of the DVO provided that it would be in effect until November 25, 2018.

Following entry of the DVO, both parties and the child relocated to Florida. In November 2016, Daniel brought an action in the circuit court for Madison County, Florida, seeking dissolution of his marriage to Smith and custody of M.L.A.S. Smith appeared in that action, contesting the jurisdiction of the court and filing a motion in that action seeking to enforce the Kentucky DVO. After finding that it had jurisdiction to modify the Kentucky custody order, the Florida court granted the parties joint custody of the child. However, an appeals court reversed that order, finding that the lower court failed to address how the Kentucky DVO affected the issues relating to shared parental responsibility and parenting time. *Smith v. Daniel*, 246 So. 3d 1279 (Fla. Dist. Ct. App. 2018).

Following remand of the matter to the Florida circuit court, the Kentucky DVO expired. The Florida court again determined that it had jurisdiction to modify the Kentucky order because neither the parents nor the child resided in Kentucky. Smith made additional allegations of domestic violence against her and M.L.A.S. However, the Florida court determined that she failed to substantiate those allegations. Consequently, the court denied Smith's request for a new order of protection. The court also noted ongoing disputes over custody, visitation, and support, primarily precipitated by Smith. Eventually, the court

granted sole custody of the child to Daniel, with Smith receiving supervised visitation.

Daniel moved to Tennessee during the pendency of the case in Florida. After the Florida court granted him sole custody of the child, he and the child resided there permanently. Smith then filed a petition in the Christian Family Court seeking a modification of the original custody order. The court dismissed her petition, noting that Florida had already exercised jurisdiction on custody and the child was residing with Father in Tennessee. The court also took notice that there was a new custody proceeding pending in Tennessee. Smith filed a motion to disqualify the trial judge due to the alleged *ex parte* communication from Daniel's Tennessee counsel. The family court denied the motion.

Separately, on January 26, 2019, Smith filed a motion in the Calloway County case, alleging that Taylor had repeatedly violated the DVO while it was in effect.[1] The family court denied the motion, noting that the DVO had already expired and neither party resided in Kentucky. Smith appeals from both of these orders, and this Court directed that her appeals be heard together.

---

[1] The DVO involved in this case was filed under Calloway Family Court Case No. 15-D-01922. However, the DVO was issued under an earlier case involving these parties, No. 13-D-00044. Consequently, Smith brought her motion to hold Daniel in contempt under the latter case number, which is the subject of this appeal.

In her appeal from the Calloway Family Court matter, Smith argues that the court had jurisdiction to address alleged violations of the DVO committed while it was in effect. In addition to separate criminal penalties, a court has broad discretion to impose criminal contempt sanctions for violations of a DVO. *See Newsome v. Commonwealth*, 35 S.W.3d 836, 839 (Ky. App. 2001). However, we will not disturb a court's decision regarding contempt absent an abuse of its discretion. *Meyers v. Petrie*, 233 S.W.3d 212, 215 (Ky. App. 2007) (citing *Smith v. City of Loyall*, 702 S.W.2d 838, 839 (Ky. App. 1986)). "The test for abuse of discretion is whether the trial [court's] decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

In this case, the family court noted that the alleged violations of the DVO occurred after both parties left Kentucky. Several of the allegations involve contact that occurred while they were both living in Florida, and at least one while Daniel was living in Tennessee. The family court also had access to records from the Florida proceedings, at which Smith raised these allegations and was denied relief. Smith made no effort to bring the alleged violations of the DVO to the attention of the Calloway Family Court while the DVO was in effect or within a reasonable time thereafter. Consequently, we conclude that the family court did not abuse its discretion by declining to consider these allegations.

In her appeal from the Christian Family Court action, Smith argues that the trial judge should have recused himself due to *ex parte* communications. While Smith's new custody matter was pending, the trial judge was contacted by Daniel's Tennessee counsel, who advised the court that there was another custody matter pending in Maury County, Tennessee. The trial judge advised the parties of this contact and then contacted the Tennessee court to discuss which state should hear the custody matter. The family court ultimately concluded that Kentucky had already lost home state jurisdiction while the Florida case was pending. Since neither the parties nor the child remained in Kentucky, the family court found that it had no basis to exercise further jurisdiction over the custody matter.

Smith contends that the initial contact with Daniel's Tennessee attorney was improper and warranted recusal. However, the burden of proof required for recusal of a judge is an onerous one. *Stopher v. Commonwealth*, 57 S.W.3d 787, 794 (Ky. 2001). There must be a showing of facts "of a character calculated seriously to impair the judge's impartiality and sway his judgment." *Id.* (quoting *Foster v. Commonwealth*, 348 S.W.2d 759, 760 (Ky. 1961)). *See also* KRS[2] 26A.015(2)(e). The trial judge is "in the best position to determine whether questions raised regarding his impartiality were reasonable." *Jacobs v.*

---

[2] Kentucky Revised Statutes.

*Commonwealth*, 947 S.W.2d 416, 417 (Ky. App. 1997). We find no basis to conclude that the trial judge's impartiality in this matter was improperly swayed.

Generally, *ex parte* communications between judges and attorneys are prohibited unless "expressly authorized by law[.]" *Penticuff v. Miller*, 503 S.W.3d 198, 209 (Ky. App. 2016) (quoting SCR[3] 4.300 Canon 3(B)(7)(e)). But here, Smith fails to show that any contact was unauthorized. Daniel's Tennessee counsel, who is not licensed in Kentucky and was not representing Daniel in this matter, merely advised the court of the pending custody matter in Maury County, Tennessee. The family court informed both Smith and Daniel of the contact.

Furthermore, KRS 403.832(2) authorized the family court to contact the Tennessee court to determine which court was the more appropriate forum. Smith presents no authority to support her assertion that the trial judge's initial contact with the Tennessee attorney affected his partiality in any way. And since Smith does not challenge the family court's conclusion that it lacked jurisdiction to modify custody, she cannot show that this initial contact improperly swayed the outcome of the case. Under these circumstances, the trial judge had no obligation to recuse himself in this matter.

---

[3] Kentucky Supreme Court Rules.

Accordingly, we affirm the orders of the Calloway Family Court and the Christian Family Court in the above-styled matters.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Betty Caitlin Nicole Smith, *pro se*
Hopkinsville, Kentucky

BRIEF FOR APPELLEE:

Zachary Taylor Daniel, *pro se*
Columbia, Tennessee