# Third District Court of Appeal

## State of Florida

Opinion filed September 10, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0454
Lower Tribunal No. 19-8255 FC-04
_____

**Susanna Alan,**
Appellant,

vs.

**Roger West,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Susan R. Brown, P.A., and Susan R. Brown (Plantation), for appellant.

Abramowitz and Associates, and Jordan B. Abramowitz, for appellee.

Before GORDO, LOBREE and GOODEN, JJ.

GORDO, J.

Susanna Alan ("Mother") appeals a supplemental final judgment granting modification of timesharing, parental responsibility and child support in favor of Roger West ("Father"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We find the record amply supports the trial court's order and affirm.

"We review a trial court's modification of timesharing for an abuse of discretion, and we must affirm if the trial court's order is supported by competent substantial evidence." Sordo v. Camblin, 130 So. 3d 743, 744 (Fla. 3d DCA 2014). "The standard of review governing a trial court's decision to modify child support is abuse of discretion." Escobar v. Escobar, 76 So. 3d 958, 960 (Fla. 4th DCA 2011). "We review a claim of deprivation of procedural due process de novo." Pena v. Rodriguez, 273 So. 3d 237, 240 (Fla. 3d DCA 2019).

Contrary to the Mother's arguments on appeal, we find the trial court did not abuse its discretion in its modification of timesharing, parental responsibility and child support as competent, substantial evidence exists for these modifications. See Miedes v. Ideses, 346 So. 3d 686, 686 (Fla. 3d DCA 2022) ("We find no error in the trial court's detailed thirty-four-page order granting modification of the parenting plan and child support, made after a seven-day trial with evidence from the parties and experts, as it

2

contained explicit findings of fact supported by competent, substantial evidence[.]”); Ouslander v. Ouslander, 398 So. 3d 1002, 1002 (Fla. 4th DCA 2024) (“As to the court’s award of shared parental responsibility and . . . timesharing, we conclude that the trial court did not abuse its discretion.”); Smith v. Daniel, 246 So. 3d 1279, 1280 (Fla. 1st DCA 2018) (“A trial court has ‘broad discretion’ in determining time-sharing matters and parenting plans, and its decision will not be disturbed on appeal absent an abuse of discretion.”).

Further, we find no due process violation occurred as the issue of whether the Father should have sole parental responsibility was tried by consent. See Clark v. Clark, 147 So. 3d 655, 658 (Fla. 5th DCA 2014) (“When a pleading fails to make a specific demand, courts will accept the issue as being ‘tried by implied consent’ where a pre-trial statement raises the issue and the other party fails to object at the hearing.”); Anchor Prop. & Cas. Ins. Co. v. Trif, 322 So. 3d 663, 670 (Fla. 4th DCA 2021) (“An issue is tried by consent when there is no objection to the introduction of evidence on that issue. For example, an issue is tried by consent where a party never objected to the evidence or argument regarding the issue on grounds that the issue was not framed in the pleadings.”) (quotation marks and citations omitted).

Affirmed.