# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-2142
LT Case No. 60-2025-DR-357

_____

KIMBERLY S. LOPEZ and PETER
J. ALLSOT,

  Appellants,

  v.

NASEEM LATIF,

  Appellee.

_____

Nonfinal appeal from the Circuit Court for Sumter County,
Erin Daly, Judge.

Kimberly S. Lopez and Peter J. Allsot, The Villages, pro se.

No Appearance for Appellee.

March 6, 2026

JAY, C.J.

Appellants petitioned the court to domesticate and enforce an out-of-state child custody order. The court denied relief, ruling that it needed, but lacked, temporary emergency jurisdiction. *See* § 61.517(1)(a)–(b), Fla. Stat. (2025) (conferring such jurisdiction when a child is in Florida and has been abandoned or faces abuse). Our review of this issue is de novo. *See Helfrich v. City of Jacksonville*, 204 So. 3d 39, 40 (Fla. 1st DCA 2016).

The Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") "controls inter-state custody disputes." *Haugabook v. Jeffcoat-Hultberg*, 219 So. 3d 65, 66 (Fla. 4th DCA 2016). It gives jurisdictional priority to the court in the child's home state, *Hindle v. Fuith*, 33 So. 3d 782, 784 (Fla. 5th DCA 2010), which makes the initial custody determination, *Litsch v. Litsch*, 372 So. 3d 315, 317 (Fla. 5th DCA 2023).

But the home state rule does not prevent courts in other states from *enforcing*—rather than altering—the initial order. *See Aluise v. Spanos*, 424 So. 3d 513, 518 (Fla. 5th DCA 2025); *Bravo v. Johnson*, 396 So. 3d 874, 876–77 (Fla. 1st DCA 2024); *McIndoo v. Atkinson*, 159 So. 3d 227, 230–31 (Fla. 4th DCA 2015). Indeed, Florida courts "shall recognize and enforce" lawful custody orders from other states. *See* § 61.526(1), Fla. Stat. (titled "Duty to enforce"); Paulina Forrest, *Jurisdiction in Child Custody Cases, in Florida Dissolution of Marriage* § 4.4 (Fla. Bar CLE 16th ed. 2025) ("A Florida court must enforce a custody or visitation order from another state if the state exercised jurisdiction in substantial conformity with UCCJEA and the order has not been modified or vacated.").

Here, the court found that enforcing the home state order required temporary emergency jurisdiction—an impossibility since the child is not in Florida. *See* § 61.517(1), Fla. Stat. But such jurisdiction is only needed to *make or alter* a custody decision on an exigent basis. *See K.I. v. Dep't of Child. & Fams.*, 70 So. 3d 749, 751 (Fla. 4th DCA 2011) ("[T]he court of another state may exercise temporary jurisdiction in an emergency situation to protect a child even though the court with initial custody jurisdiction has exclusive, continuing jurisdiction."); *Steckler v. Steckler*, 921 So. 2d 740, 743 (Fla. 5th DCA 2006) ("While the UCCJEA generally gives the state that made the initial custody determination exclusive, continuing jurisdiction over those decisions, in emergency situations, the UCCJEA permits other states to obtain temporary emergency jurisdiction to protect a child.").

While Appellants claimed the matter was an emergency based on alleging that the child is a victim of abuse, their petition was to domesticate and enforce the existing custody decision made by the home state court. Their petition did not ask the Florida court to

modify the existing order, even on a temporary basis. In that scenario, temporary emergency jurisdiction was unnecessary. Instead, the court should have evaluated whether the home state custody order was enforceable under section 61.526. *See McIndoo*, 159 So. 3d at 228–31 (rejecting a court's ruling that it lacked jurisdiction, and holding that it should have granted relief under section 61.526—the "proper statute"—reasoning that the home state rule "applies to an *initial* child custody determination," not to a petition asking a Florida court to domesticate an out-of-state order); *see also Smith v. Daniel*, 246 So. 3d 1279, 1280–81, 1281 n.3 (Fla. 1st DCA 2018) (citing section 61.526(1)—which "requires a Florida court to 'recognize and enforce a child custody determination of a court of another state'"—in holding that a court erred by not giving full faith and credit to an out-of-state order); *Ledoux-Nottingham v. Downs*, 163 So. 3d 560, 563 (Fla. 5th DCA 2015) (affirming the enforcement of another state's visitation order, which was "enforceable in Florida pursuant to the Full Faith and Credit Clause as well as section 61.526, Florida Statutes").

Accordingly, we reverse and remand with instructions to consider the domestication and enforcement petition on the merits. We reject Appellants' other arguments without discussion.

REVERSED and REMANDED with instructions.

WALLIS and MACIVER, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––